IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3344-FL

THOMAS SWEATT-BEY,⁣     )
     )
     Plaintiff,     )
     )
     v.     )          ORDER
     )
BRANDON SCOTT, J. MANNING,     )
and O. MCFIELD,     )
     )
     Defendants.     )

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on November 10, 2021, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court on defendant's motion to dismiss (DE 16) pursuant to Federal Rule of Civil Procedure 12(b)(6). Although the court provided plaintiff notice of the motion and instructions for responding, he did not file a response.

Defendants argue that plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") prior to filing this action. The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Public Safety ("DPS") has a three-step administrative remedy procedure ("ARP"), which inmates must complete to exhaust administrative remedies. See DPS, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://www.ncdps.gov/adult-corrections/prisons/policy-procedure-manual; see also Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing policy).[1] The ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410 ("step one"). Id. § 310(a)(1). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head ("step two"). Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal to the Secretary of Public Safety through the inmate grievance examiner ("step three"). Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP. Id. § .0310(c)(6).

Here, defendants rely on declaration of Kimberly Grande, the executive director of the inmate grievance resolution board, which provides that plaintiff has not exhausted any grievances through step three of the ARP from January 1, 2021 through December 7, 2022. (Grande Decl. (DE 18-2) ¶¶ 8–9). And where plaintiff alleges the events at issue took place in September 2021, and he filed this action on November 10, 2021, the record reflects that he did not exhaust administrative remedies. See Woodford, 548 U.S. at 83, 90 (noting the PLRA mandates "proper

---

[1] The ARP is a publicly available governmental record, the authentication of which is not questioned by the parties. Accordingly, the court may take judicial notice of the policy when resolving the instant motion. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fauconier v. Clarke, 652 F. App'x 217, 220 n.4 (4th Cir. 2016).

2

exhaustion" meaning "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s,]" as determined by the correctional institution's procedural rules, do not satisfy the PLRA's exhaustion requirement).   Furthermore, because plaintiff has not responded to the motion to dismiss, he has not argued that the declaration is inaccurate or that the grievance process was unavailable to him.   See Ross v. Blake, 578 U.S. 632, 642–43 (2016).   Accordingly, plaintiff's claims must be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff may refile the action after exhausting administrative remedies.

In addition, and in the alternative, the court dismisses the complaint without prejudice for failure to prosecute.   See Fed. R. Civ. P. 41(b).   In the December 19 notice, the court warned plaintiff that failure to respond to the motion to dismiss may result in dismissal of this action.   (DE 19 at 1).   Plaintiff's failure to file response to the motion to dismiss suggests he has abandoned this action.

Based on the foregoing, defendants' motion to dismiss (DE 16) is GRANTED.   Plaintiff's claims are dismissed without prejudice.   The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge

3